**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TRANSOCEANIC SHIPPING COMPANY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4549** |
| **RAPID MAT, US, LLC, ET AL.** | **SECTION B(5)** |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion To Remand And/Or Motion to Abstain Under 28 U.S.C. 1334(c)(2) Or 28 U.S.C. 1452(b) And 1334(c)(1). (Rec. Doc. No. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

On May 5, 2006, Plaintiff filed a Petition For Damages in the Twenty-Fourth Judicial District Court in Jefferson Parish, Louisiana. Plaintiff asserted a state law claim under the Louisiana Open Account Statute and alleged fraud. Rapid Mat, US, LLC was served on May 17, 2006 and Rapid Mat, LLC was served on May 15, 2006. On June 5, 2006, Defendants Rapid Mat, US and Rapid Mat, LLC filed a voluntary petition for bankruptcy, pursuant to Chapter 7 of the United States Bankruptcy Code. On August 23, 2006, Mark K. Sutton, Trustee of the bankruptcy estate of Rapid Mat, US, LLC and Lucy G. Sikes, Trustee of the bankruptcy estate of Rapid Mat, LLC (collectively "Trustees") filed a Notice of Removal pursuant to

1

28 U.S.C. § 1452 and Federal Rule Of Bankruptcy Procedure Rule 9027.

Plaintiff contends that Defendants' removal was untimely and, therefore, the case should be remanded.  Alternatively, Plaintiff contends mandatory abstention in accordance with 28 U.S.C. § 1334 is applicable or permissive abstention in accordance with 28 U.S.C. 1452(b) is appropriate.

Trustees contend that removal was timely and mandatory abstention is not applicable.  Trustees acknowledge that this matter should have been removed to bankruptcy court and move the Court to refer the matter accordingly.

Colt Defense, LLC (Colt) contends the removal was timely and moves the court to dismiss this case or in the alternative to forward the case to the United States Bankruptcy Court.[1]

### DISCUSSION

"A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending , if such district court has jurisdiction of such claims or cause of action under section 1334 of this title."  28 U.S.C. § 1452.  Section 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

---

[1]Defendant Colt Defense, LLC is not in bankruptcy.

**1.    Timeliness**

28 U.S.C. § 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendants filed the Notice of Removal on August 23, 2006. Rapid Mat, US, LLC was served on May 17, 2006 and Rapid Mat, LLC was served on May 15, 2006. Defendants filed a voluntary petition for bankruptcy on June 5, 2006 and trustees were appointed on June 6, 2006. Defendants filed the Notice of Removal more than thirty days after the case became removable. Therefore, the removal was untimely.

Defendants argue that the Notice of Removal was filed timely pursuant to Federal Rules of Bankruptcy Procedure, Rule 9027(2) which provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (c) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

In *Kim Susan, Inc. v. Service Marine Industries, Inc.*, 1999 WL 689989 (E.D. La. 1999), the court held that Rule 9027 is applicable when a case is removed to Bankruptcy Court, and therefore, applied 28 U.S.C. § 1446 to determine the timeliness of a Notice of Removal for a case related to a pending bankruptcy proceeding.

Similarly, Defendants failed to remove the instant matter to bankruptcy court. As such, Rule 9027 is inapplicable, and the Notice of Removal was filed untimely.

**2.  Mandatory Abstention**

"Under §1334(c)(2) . . . courts *must* abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) 'if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.'" *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). However, mandatory abstention only applies to non-core proceedings. *Id*. A non-core proceeding relates to a case under title 11 whereas a core proceeding arises in a case under title 11. *Id.*

28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In *Miller v. Lacoste*, 2001 WL 1607079 (E.D. La. 2001), the court considered plaintiff's Motion To Remand And/Or Motion To Abstain related to a case asserting state law claims of redhibition/breach of warranty. Defendants filed a notice of removal after filing for Chapter 11 bankruptcy protection. The court determined that the removed case was a non-core proceeding related to a case under Title 11 lacking original federal jurisdiction. Therefore, the requirements set forth in Section 1334(c)(2) were met and plaintiff's motion was granted.

Similarly, Plaintiff's cause of action is a non-core proceeding asserting claims under Louisiana's Open Account Statute and claims of fraud. Plaintiff's claim lacks independent federal jurisdiction. Furthermore, Plaintiff's claim has commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction. Therefore, the requirements in Section 1334(c)(2) are met and mandatory abstention applies.

The alternate motion for permissive abstention is dispensable

as the Court finds that the Notice of Removal was untimely and further finds that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is applicable.

Consistent with the Court's decision to abstain from this proceeding, the Court declines to transfer the case to bankruptcy court. However, the Court takes notice that Trustees may timely remove this matter to bankruptcy court pursuant to Rule 9027. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED**.

New Orleans, Louisiana this 21st day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE